UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Florentino C., | No. 26-391 (KMM/DJF) |
| Petitioner, | |
| v. | **ORDER** |
| Bondi, et al., | |
| Respondents. | |

This matter is before the Court on Petitioner Florentino C.'s Verified Petition for a Writ of Habeas Corpus.[1] For the reasons set forth below, the Court grants Florentino C.'s habeas petition and orders his immediate release.

**Background**

Petitioner Florentino C. is a citizen of Mexico who has lived in the United States since 2002. [ECF 1.] In the 1980s, he was convicted of tampering with a vehicle, vehicle burglary, illegal reentry, and in 2005 he was convicted of driving without a license. He was also arrested in 2004 for hit and run, though that charge was dismissed. Respondents do not allege that this history has any impact on Florentino's immigration status or current detention, and do not suggest that it requires mandatory detention pursuant to 8 U.S.C. § 1226(c).

Florentino C. was arrested on December 27, 2025, by ICE agents acting as part of Operation Metro Surge. He was shown neither an administrative nor a judicial warrant, and Respondents have not produced such a warrant, nor have they suggested that one exists.

---

[1] In keeping with this District's policy in immigration cases, the Court identifies Petitioner by his first name and last initial or refers to him as "Petitioner." The parties note that two different names exist in the files for Petitioner, but neither alleges that this impacts his current petition.

He was served with a notice to appear and placed in removal proceedings. He does not have a final order of removal.

Respondents' position is that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2). The Court finds that, as a matter of law, Florentino C. cannot be held under this provision and therefore orders his release.

## Analysis

This case is one of many filed in recent months in this district challenging the application of § 1225(b)(2) to aliens who are already in the United States, either having entered without inspection or having been previously released pursuant to 8 U.S.C. § 1226. This Court has previously held that, because such people are not "seeking admission," as set forth in § 1225(b)(2), that provision—which mandates detention—does not apply to them. *See, e.g.*, *Belsai D.S. v. Bondi*, No. 25-cv-03682 (KMM/EMB), 2025 WL 2802947 (D. Minn. Oct. 1, 2025). The same legal conclusion has been adopted by countless district courts around the country in similar cases, by the only Court of Appeals to have ruled on the issue, and by many courts in this district. Respondents' position is that *Belsai D.S.* and the many other cases reaching the same conclusion were wrongly decided. The government points out, correctly, that other courts have ruled differently, and that the issue is currently pending before the Eighth Circuit, and asks this Court to reconsider its previous decision.

Although the Court has considered the arguments raised by the government, and reviewed the authority cited, the Court declines to repudiate its analysis from *Belsai D.S.* and instead continues to follow the analysis of the strong majority of courts to have considered the matter. Of course, these issues are complex, and the government's arguments are not frivolous. But the Court continues to believe that the better reading of the relevant statutory scheme is that § 1225(b)(2) does not apply to Florentino C. or others who are similarly situated, and his mandatory detention under that provision is not supported by the law.

### Propriety of Immediate Release

Petitioner Florentino C. alleges that he should be immediately released, seeking a bond hearing only as an alternative remedy. The Court concludes that immediate release is appropriate in this case. The statute upon which Respondents are relying to justify his detention does not apply. Moreover, although they invoke § 1226(a) as an alternative basis for detention until a bond hearing can be held, they have not followed the requirements of that provision. The government has not claimed to have a "warrant issued by the Attorney General" supporting Florentino C.'s recent arrest, nor has the government produced one to the Court. This is so despite the Court ordering them to produce any warrant or address the absence of such a warrant in their response to the Petition. [ECF 3, ¶ 2e.]

As U.S. District Judge Eric Tostrud recently explained, "[s]ection 1226 provides that '[o]n a warrant issued by the Attorney General, an alien may be arrested and detained.'" *Ahmed M. v. Bondi et al.*, 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026). Judge Tostrud concluded that the issuance of a warrant is a necessary prerequisite to even discretionary detention under § 1226(a), citing several decisions from other districts. *Id.* In *Ahmed M.*, the petitioner had been rearrested with no warrant and no allegation of a violation of the conditions of his previous release. Therefore, the appropriate remedy in *Ahmed M.* was immediate release rather than a detention hearing. *See also Juan S.R. v. Bondi*, 26-cv-05 (PJS/LIB) (Order (Dkt. 8), Jan. 12, 2026) (same). The Court agrees with the reasoning of these cases. Therefore, dismissal is the appropriate remedy.

### ORDER

Based on the above, and on the full record before the Court, **IT IS HEREBY ORDERED THAT:**

1. Petitioner's Verified Petition for a Writ of Habeas Corpus is **GRANTED**.

2. The Court **DECLARES** that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and **ENJOINS** Respondents from denying release or other relief on the basis that Petitioner is subject to such mandatory detention.

3. The Court **ORDERS** Respondents to immediately release Florentino C. Because the Court previously ordered Florentino C. to be returned to the District if he had been moved, the Court assumes that he will be released in Minnesota.

4. Finally, the Court **ORDERS** Respondents to notify the Court and opposing counsel within 24 hours of Petitioner's release, confirming that the release has occurred. If Petitioner was removed from the District and has not been returned as previously ordered, Respondents should immediately notify the Court of when he will be returned and released.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: January 21, 2026

*s/Katherine M. Menendez*
Katherine M. Menendez
United States District Judge